UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SANMINA CORPORATION,

        Plaintiff,

-against-

DIALIGHT PLC,

        Defendant.

Case No. 1:19-cv-11710-KPF
  *related to*
Case No. 1:19-cv-11712-KPF

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

    **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

    2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

    3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is

relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

    4.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."  All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

    5.    Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require any consultants or experts given access to Confidential Information pursuant to Section 4.c. to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a

review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "Confidential" in discovery, the producing party shall have the burden of proving the Confidential nature of the documents or other information in the event of any challenge to said designation.

10. In the event that a party intends to file Confidential Information with the Court, the parties shall first make a good faith effort to confer to determine whether the producing party wishes to maintain its Confidential designation. Unless the Confidential designation is withdrawn in connection with the meet and confer process or otherwise, the parties shall comply with this Court's Individual Rules Of Practice In Civil Cases, Rule 9 in the handling, filing and redaction of all documents or other information designated by a producing party as Confidential.

11. In the event that any party receives a subpoena or other compulsory process requiring the production of information designated by a producing party as Confidential, the party receiving the demand for production shall notify the producing party within five court days and shall make a good faith effort to defer production until the producing party has an opportunity to intervene to protect its Confidential designation.

12. Nothing in the stipulation affects a party's rights to seek protection for information in addition to that recognized by the laws of the United States on the ground that the laws of a foreign nation apply to the information being sought and preclude or limit the production of that information.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the

parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED**.

Dated:  July 27, 2020

ERVIN COHEN & JESSUP LLP
              and
RICH, INTELISANO & KATZ, LLP

By: /s/ Michael C. Lieb
Michael C. Lieb (mlieb@ecjlaw.com)
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
(310) 273-6333
*Attorneys for Plaintiff Sanmina Corporation*

Dated:  July 27, 2020

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

By: /s/ Daniel J. Herling
Daniel J. Herling (djherling@mintz.com)
Chrysler Center
666 Third Avenue
New York, New York 10017
(212) 935-3000
*Attorneys for Defendant Dialight plc*

**SO ORDERED.**

Dated:  New York, New York
            July 27, 2020

By: _____
Katherine Polk Failla
United States District Judge

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure. This Order shall be filed in both cases.